

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:07-CR-22-2-F

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | **PRELIMINARY** |
| v. ) | **ORDER OF FORFEITURE** |
| ) | |
| SHAWN MAURICE BROWN ) | |
| Defendant. ) | |

In the Criminal Indictment herein, the United States sought forfeiture of property of the defendant pursuant to 21 U.S.C. § 853. A Preliminary Order of Forfeiture as to co-defendants Arjay Orlando Brown and Tyron Tristan Seabrook was entered on January 22, 2008, concerning the same property.

The defendant, Shawn Maurice Brown, pled guilty to Count Two of the Indictment, pursuant to a written plea agreement [DE-41]. Specifically, Brown pled guilty to possession with the intent to distribute more than 5 grams of cocaine base (crack), under 21 U.S.C. § 841. The defendant also agreed to forfeit his ownership interests in:

> any assets which facilitated and/or were acquired through unlawful activities, including all such assets in which the defendant has any interest or control, as well as all items seized during the investigation of the acts alleged in the Indictment. Specifically, the Defendant agrees to voluntarily forfeit and relinquish to the United States the property specified in the Criminal Indictment ... includ[ing] but not limited to ($6,860) six thousand eight hundred and sixty dollars and a .357 caliber Smith and Wesson revolver that were seized on April 11, 2006.

Indictment [DE-1]. The Government now seeks the forfeiture of those specific items; to wit: $6,860 in United States currency, and a Smith and Wesson, 66-3, .357 caliber revolver, serial number BHM8422.

After an appropriate hearing as required by FED. R. CRIM. P. 32.2(b)(2), the Court specifically finds that, as the subject currency and personal property were instrumental to, or derived from, the criminal offense, the required nexus exists between the property sought to be forfeited and the criminal offense.

Accordingly, it hereby is ORDERED that;

1. Based upon the defendant's guilty plea and other information of record and presented by the Government, the defendant's ownership interest, if any, in the subject currency and personal property is FORFEITED to the United States for disposition in accordance with the law, including destruction of the personal property, upon entry of a Final Order of Forfeiture..

2. Pursuant to 21 U.S.C. § 853(n)(1), the United States forthwith shall publish at least once in a newspaper of general circulation notice of the United States' intent to dispose of the subject currency and personal property in such a manner as the Attorney General or the Secretary of the Treasury may direct, and thereby shall give notice that any person, other than the defendant, having or claiming any legal interest in the subject currency and/or personal property must file a petition with the Court within 30 days of the publication of notice, or of receipt of actual notice, whichever is earlier.

This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the subject property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, and any additional facts supporting the petitioner's claim, and the relief sought.

The United States also should, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the subject properties that are the subjects of the Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

2

3. That upon adjudication of all third-party interests, this court will enter a Final Order of Forfeiture pursuant to 18 U.S.C. § 2253(m)(6), as required by FED. R. CRIM. P. 32.2(c).

4. In addition, that upon sentencing and issuance of the Judgment and Commitment Order, the Clerk of Court is DIRECTED to incorporate a reference to this Preliminary Order of Forfeiture in the applicable section of the Judgment, as required by FED. R. CRIM. P. 32.2(b)(3).

In accordance with FED. R. CRIM. P. 32.2 (b)(3), this order now is final as to the defendant, Shawn Maurice Brown.

SO ORDERED.

This the \_\_\_6\_\_ day of February, 2008.

*James C. Fox*
James C. Fox
Senior United States District Judge